UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CR-00635-RWS |
| MARLIN HUDSON, | ) ) ) |
| Defendant. | ) ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant MARLIN HUDSON, represented by defense counsel TYLER MORGAN, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count III and Count V of the Indictment, the Government agrees to move for the dismissal of Counts I, II, and IV of the Indictment at the time of sentencing. Moreover, the Government agrees that no further federal prosecution will be

1

brought in this District relative to the Defendant's distribution of a mixture or substance of hydrocodone and oxycodone between July 23, 2019 to September 18, 2019, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. However, notwithstanding the application or non-application of any Guidelines recommended herein, and irrespective of the advisory range established by the proper application of the Guidelines, the parties agree to make a non-binding sentencing recommendation of 24 months. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document nor by the joint sentencing recommendation.

**3. ELEMENTS:**

As to Count III, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> *One*, On August 7, 2019, the Defendant was in possession of a mixture or substance containing a detectable amount of hydrocodone;
>
> *Two*, the Defendant knew he was in possession of a mixture or substance of hydrocodone; and
>
> *Three*, the Defendant distributed some or all of the mixture or substance of hydrocodone to another person.

2

As to Count V, the Defendant admits to knowingly violating Title 21, United States Code, Sections 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> ***One***, On September 18, 2019, the Defendant was in possession of a mixture or substance containing a detectable amount of oxycodone;
>
> ***Two***, the Defendant knew he was in possession of a mixture or substance of oxycodone; and
>
> ***Three***, the Defendant distributed some or all of the mixture or substance of oxycodone to another person.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On July 23, 2019, Detectives with the St. Charles County Regional Drug Task Force arranged to purchase oxycodone tablets from Marlin HUDSON. An undercover detective (UC) arrived at the parking lot of a Steak and Shake located at 2221 First Capital, St. Charles, Missouri 63301. UC purchased seven 30mg oxycodone tablets and six 15mg oxycodone tablets from HUDSON.

On July 31, 2019, UC arranged to purchase oxycodone tablets from HUDSON. The UC arrived at the parking lot of a Taco Bell located at 5950 Howershell Road, Hazelwood, Missouri 63042. The UC purchased ten 30mg oxycodone tablets and six 20mg oxycodone tablets from HUDSON.

3

On August 7, 2019, UC arranged to purchase hydrocodone tablets from HUDSON. The UC arrived at the parking lot of a Taco Bell located at 5950 Howershell Road, Hazelwood, Missouri 63042. The UC purchased total of approximately 51 hydrocodone tablets ranging from 10mg to 325mg from HUDSON

On August 15, 2019, UC arranged to purchase oxycodone tablets from HUDSON. The UC arrived at the parking lot of a Steak and Shake located at 2221 First Capital, St. Charles, Missouri 63301. UC purchased fourteen 30mg oxycodone tablets from HUDSON.

On September 18, 2019, UC arranged to purchase oxycodone tablets from HUDSON. The UC arrived at the parking lot of a Splash N Dash Car Wash on 819 James S. McDonnell Boulevard, Hazelwood, Missouri 63042. The UC purchased fourteen 30mg oxycodone tablets from HUDSON.

The seized mixture or substance of hydrocodone from the previous controlled buys was tested by a laboratory and found to contain 25.975 grams of hydrocodone. The seized mixture or substance of oxycodone from the previous controlled buys were tested by a laboratory and found to contain 3.389 grams of oxycodone.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than 3 years.

### 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the Base Offense Level is **24**, as found in Section 2D1.1(c)(8). The parties agree that the quantity of "Converted Drug Weight" (when all of the narcotics are converted, i.e., 25.975 grams of hydrocodone and 3.389 grams of oxycodone) for which the defendant is accountable, including relevant conduct, is more than 100 kilograms and less than 400 kilograms, resulting in the agreed Base Offense Level.

**(2) Specific Offense Characteristics:** None

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

5

**(2) Other Adjustments:** None

**c. Other Adjustment(s) and Disputed Adjustments:** The parties reach no agreement as to the applicability of any other guidelines provision. The applicability of any such other provisions shall be left to the determination of the trial court. Both parties are free to advocate for or against the application of any such provisions.

**d. Estimated Total Offense Level:** The parties estimate the Total Offense Level is **21**, unless the Defendant is a Career Offender. If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

Depending on the underlying offense and the Defendant's criminal history, the Defendant could be a Career Offender. If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have

6

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28,

United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States

Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

11

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 8-16-2021<br>Date | *Nauman Wadalawala*<br>NAUMAN WADALAWALA #65252MO<br>Assistant United States Attorney |
| 4-19-2021<br>Date | *Marlin Hudson*<br>MARLIN HUDSON<br>Defendant |
| 9/21/2021<br>Date | *[signature]*<br>TYLER MORGAN<br>Attorney for Defendant |